UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| ELIZABETH CONLEY-LEPENE, | ) | |
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| v. | ) | CIVIL NO. 2:20-CV-452-DBH |
| | ) | |
| MYKLE LEPENE, | ) | |
| | ) | |
| DEFENDANT | ) | |

**DECISION AND ORDER ON MOTION TO DISMISS**

The defendant initially moved to dismiss all of Count II of the plaintiff's Complaint under the New Hampshire 3-year statute of limitations and to limit the scope of Count I to the factual allegations in ¶¶ 56-58. The plaintiff consents to the latter, Pl.'s Opp'n at 2, and I will not address it further. In subsequent briefing, the defendant seems to have narrowed his motion with respect to Count II. See Def.'s Reply Mem. at 3.

Jurisdiction is based on diversity of citizenship. The parties agree that New Hampshire substantive law applies to Count II, a claim for intentional infliction of emotional distress (IIED) through domestic violence, much of which allegedly occurred while both parties resided in New Hampshire. Def.'s Mot. to Dismiss at 3; Pl.'s Opp'n at 2. The plaintiff opposed the defendant's motion to dismiss Count II, however, claiming that Maine's 6-year statute of limitations should apply rather than New Hampshire's 3-year statute because Maine is the forum state for this lawsuit. Pl.'s Opp'n at 2-3. The defendant then agreed that

I should start with the forum state's limitations rule, Def.'s Reply Mem. at 2, but in his reply memorandum he raised for the first time the applicability of the last sentence of Maine's so-called borrowing statute, 14 M.R.S. § 866 (part of the forum state's limitations statute). I allowed the plaintiff to file a sur-reply on that new argument.

Maine's borrowing statute provides: "No action shall be brought by any person whose cause of action has been barred by the laws of any state, territory or country while all the parties have resided therein." 14 M.R.S. § 866. The Complaint says that the defendant resides in New Hampshire and that the plaintiff did so as well until she moved from New Hampshire to Maine in January 2018. Compl. ¶¶ 1-2, 15, 48. The defendant now argues that the alleged actionable events supporting Count II that occurred before January 2015 are time-barred because they occurred more than three years before the plaintiff changed her residence from New Hampshire to Maine in January 2018.

The plaintiff, however, argues that her domestic violence IIED claim is based on the "continuing wrong doctrine," that New Hampshire has recognized the continuing wrong doctrine in some but not all areas of New Hampshire law[1] (not yet in IIED cases), and that the continuing wrong here started in 2013 and continued until the plaintiff's January 2018 move.

---

[1] The New Hampshire Supreme Court has applied it in a trademark infringement case. Nordic Inn Condo. Owners' Ass'n v. Ventullo, 864 A.2d 1079, 1089 (N.H. 2004). It has declined to apply it to claims for tortious interference with contractual relations and unjust enrichment, Singer Asset Fin. Co. v. Wyner, 937 A.2d 303, 312-13 (N.H. 2007), and to claims of a corporate freeze-out, Thorndike v. Thorndike, 910 A.2d 1224, 1227-28 (N.H. 2006) (saying that "[c]ourts have traditionally applied this doctrine to the torts of trespass and nuisance," with some courts extending it to "other areas of tort law, such as civil rights, property damage, and antitrust").

2

There is much to be said for applying the continuing wrong doctrine to domestic violence cases,[2] but the New Hampshire Supreme Court has not yet done so. The First Circuit has instructed federal judges that

> as a federal court considering state law claims, we must apply the state's law on substantive issues and "we are bound by the teachings of the state's highest court." If the state's highest court . . . has not definitively addressed a question, we may consult other sources as we "make an informed prophecy" about what rule the state court would likely follow. That said, however, we generally make such prophecies only on interstitial questions. As a federal court, we will not create new rules or significantly expand existing rules. We leave those tasks to the state courts.

Phoung Luc v. Wyndham Mgmt. Corp., 496 F.3d 85, 88-89 (1st Cir. 2007) (citations omitted). In Ryan v. Royal Ins. Co. of Am., 916 F.2d 731, 744 (1st Cir. 1990), it said: "We have warned, time and again, that litigants who reject a state forum in order to bring suit in federal court under diversity jurisdiction cannot expect that new trails will be blazed."[3] Because the New Hampshire Supreme Court has not applied the continuing wrong doctrine to domestic violence cases, nor given any sign that it will do so, under these First Circuit principles I cannot in this case predict that it will apply the continuing wrong doctrine to domestic violence cases like this.

---

[2] The plaintiff cites as the "leading case" a California intermediate appellate court, Pugliese v. Superior Court, 53 Cal. Rptr. 3d 681, 686-87 (Cal. Ct. App. 2007). But apparently the California courts are divided on its application to intentional infliction of emotional distress. See O'Connor v. Franke, No. CV 16-3542 PA (JCx), 2016 WL 10957850, at *4 n.2 (C.D. Cal. 2016) (citing cases). The Supreme Courts of Connecticut, Idaho, and Illinois have applied the continuing wrong doctrine in such cases. Watts v. Chittenden, 22 A.3d 1214, 1224-28 (Conn. 2011); Curtis v. Firth, 850 P.2d 749, 753-55 (Idaho 1993); Feltmeier v. Feltmeier, 798 N.E.2d 75, 85-89 (Ill. 2003).

[3] Predicting an expansion is even a greater challenge when the federal judge is being asked to expand the rules of a different state, as is the case here.

I conclude, therefore, that applying Maine's borrowing statute bars all actionable events before January 2015. I need not rule yet whether evidence of any of them is admissible for interpreting later actionable events. The defendant asks me also to "dismiss" the allegations in paragraphs 48-55 of the Complaint because those paragraphs by themselves fail to state claims. Def.'s Reply Mem. at 3. I decline to do so. Count II does state a claim for what allegedly happened in 2015. The remaining allegations may or may not be admissible evidence on the plaintiff's IIED claim for what she says happened during 2015.

I therefore **PARTIALLY GRANT** the defendant's motion to dismiss Count II and to limit the scope of Count I.

**SO ORDERED.**

**DATED THIS 5TH DAY OF MARCH, 2021**

/s/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**