UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ELIZABETH CONLEY-LEPENE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:20-cv-00452-JCN |
| | ) | |
| MYKLE LEPENE, | ) | |
| | ) | |
| Defendant | ) | |

**ORDER ON CROSS-MOTIONS FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff alleges Defendant intentionally misused the civil proceedings in an action filed in the New Hampshire Circuit Court, Family Division, and intentionally caused her emotional distress. (Complaint, ECF No. 2, at 9-10.) Defendant moves for partial summary judgment on the affirmative defense of release. (Defendant's Motion for Partial Summary Judgment, ECF No. 55.) Plaintiff moves for partial summary judgment on liability for the intentional misuse of civil proceedings and on Defendant's affirmative defense of res judicata. (Plaintiff's Motion for Partial Summary Judgment, ECF No. 61.)

Following a review of the summary judgment record and after consideration of the parties' arguments, the Court grants in part and denies in part Plaintiff's motion for partial summary judgment. The Court denies Defendant's motion for partial summary judgment.

**SUMMARY JUDGMENT STANDARD**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "After the moving party has presented evidence in support

of its motion for summary judgment, 'the burden shifts to the nonmoving party, with respect to each issue on which he has the burden of proof, to demonstrate that a trier of fact reasonably could find in his favor.'" *Woodward v. Emulex Corp.*, 714 F.3d 632, 637 (1st Cir. 2013) (quoting *Hodgens v. Gen. Dynamics Corp*., 144 F.3d 151, 158 (1st Cir. 1998)). "Cross-motions for summary judgment do not alter the basic Rule 56 standard, but rather simply require [the Court] to determine whether either of the parties deserves judgment as a matter of law on facts that are not disputed." *Adria Int'l Grp., Inc. v. Ferre Dev., Inc*., 241 F.3d 103, 107 (1st Cir. 2001).

A court reviews the factual record in the light most favorable to the non-moving party, resolving evidentiary conflicts and drawing reasonable inferences in the non-movant's favor. *Perry v. Roy*, 782 F.3d 73, 77 (1st Cir. 2015). If a court's review of the record reveals evidence sufficient to support findings in favor of the non-moving party on one or more of the claims or defenses, a trial-worthy controversy exists, and summary judgment must be denied as to any supported claim. *Id.* at 78 ("The district court's role is limited to assessing whether there exists evidence such that a reasonable jury could return a verdict for the nonmoving party." (internal quotation marks omitted)).

## SUMMARY JUDGMENT RECORD

Plaintiff and Defendant met in 2012 and were married in 2013. (Plaintiff's Additional Statement of Material Facts (PASMF) ¶ 15, ECF No. 59; Joint Record at 2, ECF 54.) In 2014, they had a daughter. (PASMF ¶ 16.)

Plaintiff maintains that Defendant abused her during the marriage. (PASMF ¶¶ 17, 18.) In January 2016, Plaintiff filed for divorce in New Hampshire Circuit Court, Family Division ("New Hampshire Family Court"). (Joint Record at 2.) The New Hampshire Family Court held final divorce hearings on March 8, and June 20, 2017. (Defendant's Statement of Material Fact (DSMF) ¶ 2.) On July 24, 2017, the New Hampshire Family Court issued a divorce decree terminating Defendant's marriage to Plaintiff. (Joint Record at 12.)

The divorce decree contains a "Mutual Releases" provision which states, "[o]ther than as set forth in this Decree or other court Order, each party releases and agrees to defend, indemnify and hold the other harmless from any and all claims of any nature whatsoever arising out of the marriage." (Joint Record at 11; DSMF ¶ 13.) Plaintiff asserts she never intended to release her personal injury claims against Defendant and did not sign a document releasing her claims. (PASMF ¶¶ 28-30.)

The parties litigated the issue of primary custody of their minor child during the divorce proceeding and the court established a parenting plan for the child. (PASMF ¶¶ 31-32.) In 2019, Defendant, through his attorney, moved to amend the divorce decree to grant him "primary custody of the parties' minor child." (PASMF ¶ 33; Defendant's Additional Statement of Material Fact (DASMF) ¶¶ 4, 33, ECF No. 63.) After a hearing, the court denied Defendant's request, noted that the court had "admonished [Defendant] . . . to stop seeking a change in custody on insufficient grounds, and to value Mother's relationship with the child," and found that the "request for a change in custody based on

the contempt is without merit and made in bad faith" and "was motivated by bad faith and to frighten [Plaintiff]." (PASMF ¶¶ 33-36.)

## DISCUSSION

### A.      Res Judicata/Release

Defendant argues that he is entitled to summary judgment because in the divorce proceedings, all Plaintiff's claims were released.  Defendant contends the release provision in the divorce decree is "clear, unambiguous release language" and "widely accepted principles of contract interpretation also support[] the enforcement of mutual release in this case." (Def. Motion at 1, 5.)

Plaintiff argues in part that Defendant waived the release defense because he did not raise it as an affirmative defense in his response to the complaint.  Defendant maintains that given the release language in the divorce decree, Plaintiff's claim is barred by the doctrine of res judicata, which Defendant asserted as a defense to the claim.  Without commenting on all the possible legal implications of the "mutual releases" provision for the matters addressed in the divorce decree, the decree cannot reasonably be viewed as a release of Plaintiff's personal injury claim. Regardless of how Defendant's release argument is characterized, Defendant's argument is unpersuasive.

Defendant's res judicata argument generates two potential analyses:

The rules of *res judicata*, as the term is sometimes sweepingly used, actually comprise two doctrines . . . . The first such doctrine is "claim preclusion," or true *res judicata*. . . . Under these rules of claim preclusion, the effect of a judgment extends to the litigation of all issues relevant to the same claim between the same parties, whether or not raised at trial. . . . The second

4

> doctrine, collateral estoppel or "issue preclusion," . . . bars the relitigation of issues actually adjudicated . . . .

Wright and Miller, 18 Fed. Prac. & Proc. Juris. § 4402 (quoting *Kaspar Wire Works, Inc. v. Leco Engineering & Mach., Inc.*, 575 F.2d 530, 535–536 (5th Cir. 1978); *see also*, *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).

Claim preclusion "prevents parties from relitigating matters actually litigated and matters that *could have* been litigated in the first action." *Gray v. Kelly*, 161 N.H. 160, 164, 13 A.3d 848, 852 (2010) (emphasis in original) (quoting *Morgenroth & Assoc's v. State*, 126 N.H. 266, 269, 490 A.2d 784 (1985)). The doctrine "applies if three elements are met: (1) the parties are the same or in privity with one another; (2) the same cause of action was before the court in both instances; and (3) the first action ended with a final judgment on the merits." *Gray*, 161 N.H. at 164, 13 A.3d at 852 (citing *In re Juvenile 2004-637*, 152 N.H. 805, 808, 888 A.2d 422 (2005)). The record lacks any evidence to suggest that Plaintiff's tort claim was litigated or could have been litigated in the divorce proceeding. The New Hampshire Supreme Court has held that "a civil action in tort is fundamentally different from a divorce proceeding . . . the respective issues involved are entirely distinct." *Aubert v. Aubert*, 129 N.H. 422, 426 (1987). Under claim preclusion principles, therefore, the "divorce decree [does] not preclude the bringing of a subsequent action for personal injury in tort." *Id*. at 427.[1]

---

[1] State courts have reached different conclusions regarding the preclusive effect of divorce decrees on subsequent tort claims between former spouses. *See generally*, Kathleen Daerr-Bannon, 41 Causes of Action 2d 407 § 17.

Issue preclusion applies when "(1) the issue subject to estoppel is identical in each action; (2) the first action resolved the issue finally on the merits; (3) the party to be estopped appeared in the first action or was in privity with someone who did; (4) the party to be estopped had a full and fair opportunity to litigate the issue; and (5) the finding at issue was essential to the first judgment." *Tyler v. Hannaford Bros.*, 161 N.H. 242, 246, 13 A.3d 325, 329 (2010).  Defendant argues that he is entitled to summary judgment because the state court implicitly decided the central issue in Plaintiff's tort claim when the state court declined to grant the divorce based on Defendant's abusive behavior as alleged by Plaintiff but instead granted the divorce on irreconcilable differences.  The state court's reasoning does not support Defendant's contention.  In fact, the state court acknowledged that Defendant was convicted of assaulting Plaintiff in 2015.  The state court granted the divorce on irreconcilable differences because the court found multiple causes for the breakdown in the marriage.  The state court's decision and the record reflect that the state court did not conclusively decide any issues essential to Plaintiff's personal injury tort claim.[2]  Defendant's argument thus fails.[3]

---

[2] Some courts have suggested that preclusion would likely apply if the tort claim is a disguised attempt to collaterally attack or relitigate the divorce property distribution, *see Tudhope v. Riehle*, 167 Vt. 174, 179–80, 704 A.2d 765, 768 (1997), or if necessary to prevent double recovery because the subsequent tort claim is based on the exact same misconduct that influenced materially the financial division in the divorce, *see Christians v. Christians*, 2001 S.D. 142, ¶ 44, 637 N.W.2d 377, 386 (Konenkamp, J. concurring).  Neither situation is presented by Defendant's res judicata argument.

[3] Defendant's argument would also fail if the state family court lacked jurisdiction to resolve the tort claim as Plaintiff suggests. *See Patterson v. Patterson*, 306 F.3d 1156, 1159–62 (1st Cir. 2002) (rejecting res judicata argument because the New Hampshire probate court would have lacked jurisdiction in a guardianship proceeding to resolve a subsequent tort claim for breach of fiduciary duty and because the claims were not so similar that they raised the same cause of action or transaction even though there was

The result does not render meaningless the release language in the divorce decree, which language appears to be a standard provision in the state court's divorce decrees. The language undoubtedly applies to the property rights and debt allocation considered and addressed by the state court. The result is also consistent with the New Hampshire courts' public policy concerns if tort claims were precluded in this context.[4]

Even if Defendant had asserted release as an affirmative defense, any argument that the defense of release, independent of a res judicata analysis, bars Plaintiff's claim is unavailing. Whether Plaintiff released her personal injury claim is a contractual issue. *See Moore v. Grau*, 171 N.H. 190, 194, 193 A.2d 272, 276 (2018) (assessing scope of release in a settlement agreement based on contract law principles). Absent circumstances not present here (e.g., the enforcement of a judgment for a specific act in accordance with Federal Rule of Civil Procedure 70), courts generally do not purport to act on behalf of parties. The record lacks any evidence to suggest that the state court acted for Plaintiff and released her personal injury claim. Furthermore, there is no record evidence that would support a finding that Plaintiff and Defendant reached an agreement by which Plaintiff released her personal injury claim. To the contrary, the divorce decree was issued after a

---

some factual overlap). Because the Court has determined that the state court did not resolve the tort claim or any issues central to the tort claim, the Court does not reach the jurisdictional argument.

[4] *See Aubert*, 129 N.H. at 426, 529 A.2d at 911 ("no rule of preclusion is applicable to require that a prior divorce decree acts as a bar to a subsequent civil action in tort. Indeed, the plaintiff has conceded that, in general, such a rule would not make good law, and we decline to adopt such a rule now"); *see also*, *McNair v. McNair*, 151 N.H. 343, 354, 856 A.2d 5, 16 (2004) ("on public policy grounds, we would be reluctant to require, as the defendant's argument would logically have us do, that an allegedly battered spouse request protective orders while a divorce action is pending or be barred from later seeking relief").

contested hearing, and Defendant does not assert the divorce was resolved pursuant to a contractual agreement between the parties.

Because the record establishes that the state court did not decide Plaintiff's personal injury claim or any issues essential to the claim, and because the record establishes that Plaintiff's personal injury claim was not otherwise released, Defendant is not entitled to summary judgment on his res judicata defense. For the same reasons, Plaintiff is entitled to summary judgment on Defendant's res judicata defense.

**B.     Intentional Misuse of Civil Proceedings**

Plaintiff argues she is entitled to summary judgment on the issue of liability on her claim for the intentional misuse of civil proceedings based on the findings of the New Hampshire state court on Defendant's request for a change in the custody arrangement for the parties' minor child.

An action for wrongful use of civil proceedings is essentially a claim for malicious prosecution.  *See ERG, Inc. v. Barnes*, 137 N.H. 186, 190,  624 A.2d 555, 558 (1993) (citing Restatement (Second) of Torts § 674 – the wrongful initiation of civil proceedings – when discussing elements of a malicious prosecution claim).  "In order to prevail on a civil malicious prosecution claim, [a] plaintiff must prove: (1) that he [or she] was subjected to civil proceeding instituted by the defendant (2) without probable cause (3) with malice and (4) the proceeding terminated in Plaintiff's favor."  *Paul v. Sherburne*, 153 N.H. 747, 749, 903 A.2d 1011, 1013 (2006).  Plaintiff contends that the New Hampshire state court determined that Defendant lacked probable cause to file and prosecute a motion

to amend the custody arrangement and, therefore, Defendant's liability on the claim is conclusively established.

Defendant contends that probable cause exists for his claim in the New Hampshire state court proceeding because in asserting the claim, he relied on the advice of his counsel. *See Hogan v. Robert H. Irwin Motors, Inc*., 121 N.H. 737, 739-40, 433 A.2d 1322, 1324-25 (1981) ("commencement of proceedings upon the advice of counsel establishes probable cause"). Plaintiff argues that "advice of counsel" is an affirmative defense, which Defendant waived by not asserting the defense in response to Plaintiff's complaint. Defendant evidently asserted the defense for the first time in his response to Plaintiff's motion for partial summary judgment. (Defendant's Objection, ECF No. 62.)

Federal Rule of Civil Procedure 8(c) provides that "a party must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c)(1). Although "advice of counsel" is not specifically identified in Rule 8 as an affirmative defense, most courts consider it as such. *See* 21 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1271 n.45 <u>Affirmative Defenses—Defenses Not Mentioned in Rule 8(c)</u> (4th ed. 2023). Here, if Defendant were to demonstrate that he requested a change in the custody arrangement based on his counsel's advice, Defendant could avoid liability even if objectively the request lacked probable cause. In this context, therefore, advice of counsel is an affirmative defense. The defense would undoubtedly require the Court to reopen discovery when the matter is otherwise ready for trial. Defendant has not moved to amend his answer to assert the defense and the Court discerns no reason to permit Defendant to raise the issue for the first time on summary judgment. Defendant cannot

9

rely on the advice of counsel in defense of Plaintiff's claim for the wrongful use of civil proceedings.

The question remains whether the state court's decision on the custody issue requires the entry of summary judgment in favor of Plaintiff on her claim for the wrongful use of civil proceedings. Plaintiff contends that the state court's finding that the motion lacked merit and was initiated in bad faith forecloses Defendant from challenging Plaintiff's claim that the custody motion lacked probable cause.

The principal issue is whether the probable cause issue is an identical issue the state court decided. *Tyler*, 161 N.H. at 246. The record establishes that following the parties' divorce, the Court conducted a hearing on several post-judgment matters, which included Defendant's motion for contempt based on Plaintiff's alleged failure on one occasion to deliver the parties' minor child to Defendant as required by the divorce decree. On the motion for contempt, the Court found Plaintiff to be "in willful contempt of the Court's order." (Order on July 30, 2019, Hearing, ECF No. 59-1.) The court further wrote:

> Father did not ask for make up time. Rather, he again asked for "primary custody" of the child. This is despite the last court order admonishing [Defendant] to value the relationship between [Plaintiff] and daughter. This Court's previous orders admonished [Defendant] to stop seeking a change in custody on insufficient grounds, and to value [Plaintiff's] relationship with the child.
>
> The Court finds that [Defendant's] request for a change in custody based on the contempt is without merit and made in bad faith. New Hampshire RSA 461-A: 11 provides for a possible change in custody where there is repeated, intentional and unwarranted interference by a parent, and where the court determines that such a change would be in accordance with the best interests of the child.
>
> The court does not find that [Defendant] has met his burden to show repeated, intentional interference. The Court finds that [Defendant's] request is motivated

by bad faith and to frighten [Plaintiff].  The cycle of fighting between the parents must stop for the benefit of the child.  The Court awards [Plaintiff] her reasonable attorneys' fees for this issue only.

*Id*.; PSAMF ¶ 36.

To establish the absence of probable cause, a plaintiff must prove that when the defendant initiated a civil proceeding against the plaintiff, the defendant "'did not possess such knowledge of facts as would lead a person of ordinary caution and prudence to believe that he or she had a cause of action against the plaintiff.'"  *Paul v. Sherburne*, 153 N.H. 747, 749-50, 903 A.2d 1011, 1014 (2006) (quoting *Cohn v. Saidel*, 71 N.H. 558, 567, 53 A. 800 (1902)).  In other words, a plaintiff must prove that a person of ordinary caution and prudence in the defendant's position would have known he or she lacked the facts necessary to support a cause of action.  The question in this case is whether the issue of probable cause was decided by the state court.

The state court was not asked to determine whether Defendant's request for a change of custody was supported by probable cause.  Rather, as the state court noted, the question was whether there had been repeated, intentional and unwarranted interference by Plaintiff, and whether a change would be in accordance with the best interests of the child.  The state court ultimately concluded that Defendant did not "meet his burden" to establish the standard.  (Order on July 30, 2019, Hearing.) The state court's conclusion that Defendant failed to satisfy the burden of proof does not constitute a finding that Defendant's request lacked probable cause.  As part of its analysis, the state court wrote that request for a change in custody based on the contempt is without merit and made in bad faith.  The state court's assessment that the request for a change in custody was "without merit" does not

necessarily establish that the request lacked probable cause. Courts and counsel occasionally describe arguments as without merit or lacking in merit as part of a legal analysis. The Court cannot consider the characterization of the request as without merit as a determination that the request lacked probable cause.

In addition, probable cause was not an issue that was essential to the state court's decision on the custody issue. Instead, as the state court found, the issue was whether Defendant satisfied his burden "to show repeated, intentional interference." (Order on July 30, 2019, Hearing).

Finally, the state court's determination regarding Defendant's motivation in making the request might be relevant to whether Defendant acted with malice, but it does not establish the absence of probable cause. A person can have a factual basis for a claim yet assert the claim with an ulterior or improper motive.[5]

In sum, the Court cannot conclude that in ruling on Defendant's request for a change in custody, the state court decided the identical issue to be decided in this case – whether Defendant lacked probable cause to make the request. Accordingly, based on the current record, the Court cannot conclude that Defendant is collaterally estopped from contesting the probable cause or motive issues.

---

[5] In her reply memorandum, Plaintiff asked for an alternative limited determination that the state court conclusively decided that Defendant asserted the claim for an improper purpose. The state court's determination and to frighten Plaintiff is not necessarily identical to malice, which is the standard that governs Plaintiff's claim, and the determination was not essential to the state court's decision on Defendant's custody request. Plaintiff, therefore, is not entitled to summary judgment on the alternative ground she asserts.

12

## CONCLUSION

Based on the foregoing analysis, the Court denies Defendant's motion for partial summary judgment. The Court also grants in part and denies in part Plaintiff's motion for partial summary judgment.  The Court grants Plaintiff's motion as to Defendant's res judicata defense to Count II of Plaintiff's complaint and denies the motion as to the liability issues on Count I of Plaintiff's complaint.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 11th day of December, 2023.